UNITED STATES DISTRICT COURT FOR THE
FOR THE EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, | : <br> Case No. 24-cv-3339 <br> : |
| Plaintiff, <br> v. | : <br> : |
| LTLMR LLC d/b/a CELEBRITY DINER and LOUKAS RENIERIS, individually, | : **COMPLAINT** <br> : |
| Defendants. | |

---

## INTRODUCTION

The manager of Celebrity Diner improperly took cash tips from employees. When employee Roberto Jimenez complained – a protected activity under the Fair Labor Standards Act – the manager immediately retaliated by firing the employee. Plaintiff JULIE A. SU, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary" or "Department"), brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "Act" or "FLSA"), to restrain Defendants LTLMR LLC d/b/a CELEBRITY DINER and LOUKAS RENIERIS ("Defendants") from retaliating against Mr. Jimenez and other current and former employees, in violation of section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), and to redress Defendants' violations.

Since August 2023, the Department has been investigating whether Defendants were complying with the Act. Defendants' patently illegal retaliatory conduct also has a chilling effect on the Department's ability to fully investigate and enforce Defendants' compliance with the FLSA's worker-protection provisions. The Acting Secretary is authorized to seek injunctive

relief to restrain violations of the FLSA just like what happened here. *See* 29 U.S.C. § 217. Because Defendants retaliated against Mr. Jimenez after he complained about his pay, the Acting Secretary seeks from this Court an order enjoining Defendants and those acting on their behalf from violating section 15(a)(3) of the FLSA through any further intimidation, threats, harassment, or other adverse action against Mr. Jimenez and other current and former employees as a result of their protected activity under the Act. The Acting Secretary also seeks compensatory and punitive damages for Defendants' flagrant violations to date.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the Eastern District of New York because Defendants' principal place of business is in Syosset, New York, and a substantial part of the events giving rise to the claims occurred in this district. 28 U.S.C. § 1391(b)(1), (2).

## FACTUAL ALLEGATIONS

### Parties

3. Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor, is vested with authority to file suit to stop violations of the FLSA and recover compensatory and punitive damages and is the proper plaintiff for this action.

4. Defendant LTLMR LLC d/b/a Celebrity Diner ("Celebrity Diner") is a limited liability company organized under the laws of the State of New York and has its principal office and place of business at 312 Jericho Turnpike, Syosset, New York 11791, within the jurisdiction of this Court. Defendant Celebrity Diner is engaged in the business of operating a restaurant.

5. Defendant Loukas Renieris is the Owner of Defendant Celebrity Diner.

6. Defendant Loukas Renieris resides in the state of New York, within the jurisdiction of this Court.

### Mr. Jimenez's Work for Defendants

7. Mr. Jimenez began working for Defendants as a waiter/server approximately in December 2020.

8. Mr. Jimenez was hired and supervised by the manager of Celebrity Diner he knew only as "Tony."

9. Mr. Jiminez had observed Tony take employees' tips from the tip jar and from credit card transactions on several prior occasions.

10. While employed by Defendants, Mr. Jimenez routinely worked well in excess of 40 hours per week — often upwards of 60 hours or more per week.

### Mr. Jimenez's Complaints About Pay

11. On January 27, 2024, Mr. Jimenez was packing takeout orders at the diner.

12. Customers of Celebrity Diner picking up orders would place cash tips for employees handling takeout orders in a tip jar.

13. On January 27, 2024, Mr. Jimenez observed Tony take all the cash out of the tip jar and give it to the cashier who then put the cash in the cash register.

14. Mr. Jiminez immediately told Tony that he should not take employees' tips and asked the cashier to return the money.

15. The cashier then gave Mr. Jiminez only $3.00 out of at least $20.00 in cash that Tony had taken from the tip jar.

**Defendants' Retaliation Against Mr. Jimenez**

16. On January 27, 2024, after Mr. Jiminez complained to Tony that he should not take employees' tips, Tony immediately fired him.

17. January 27, 2024 was Mr. Jiminez's last day of employment at Celebrity Diner.

## FIRST CAUSE OF ACTION

### (Violation of Section 15(a)(3) of the Act, Retaliation Against Employees)
### Against All Defendants

18. FLSA Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint . . . under or related to this chapter [8 of the FLSA]." 29 U.S.C. § 215(a)(3).

19. Defendants have violated section 15(a)(3) by terminating Mr. Jimenez's employment because he engaged in the protected activity of complaining to his manager about him improperly taking employees' tips.

20. By engaging in the conduct set forth above, Defendants have violated section 15(a)(3) of the Act, by retaliating and discriminating against an employee for engaging, or preparing to engage, in activity that is protected by the Act, specifically complaining to his manager about employees not receiving all their tips.

21. As a result of Defendants' actions, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as complaining about pay and/or cooperating with an investigation by the Secretary into violations of the FLSA.

4

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

1. An injunction issued pursuant to section 17 of the Act permanently restraining Defendants, their officers, agents, employees, successors, and those persons in active concert or participation with Defendants, from violating the provisions of section 15(a)(3) of the Act, including by terminating or threatening to terminate and/or lay off, intimidating, coercing, threatening, or retaliating or discriminating in any other way against any current or former employee, because the employee engaged in protected activity under the FLSA;

2. An injunction pursuant to section 17 of the Act requiring that at least seven days prior to any termination of any employee for any reason, Defendants shall provide a written notice to the Wage and Hour Division of the U.S. Department of Labor;

3. For an Order awarding compensatory and punitive damages to Roberto Jimenez for unlawful retaliation in violation of section 15(a)(3) of the Act;

4. For an Order awarding Plaintiff the costs of this action; and

5. For an Order granting such other and further relief as may be necessary and appropriate.

DATED:   May 6, 2024
         New York, New York

                                    SEEMA NANDA
                                    Solicitor of Labor

                                    JEFFREY S. ROGOFF
                                    Regional Solicitor

                                    */s/ Susan B. Jacobs*
                                    SUSAN B. JACOBS
                                    Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014
Tel: 646.264.3664
Jacobs.Susan@dol.gov
NY-SOL-ECF@dol.gov

*Attorneys for Plaintiff Julie A. Su,
Acting Secretary of Labor*