UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JULIE A. SU, Acting Secretary of Labor,                :
United States Department of Labor,                     :   Civil Action No. 24-cv-3339
                                                       :
                     Plaintiff,                        :
          v.                                           :
                                                       :
LTLMR LLC d/b/a CELEBRITY DINER and                    :
LOUKAS RENIERIS, individually,                         :
                                                       :
                     Defendants.                       :
-----------------------------------------------------------------


**THE ACTING SECRETARY OF LABOR'S MEMORANDUM OF LAW IN SUPPORT OF A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

SEEMA NANDA
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

SUSAN B. JACOBS
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014
Tel: 646-264-3664

*Attorneys for Plaintiff Julie A. Su,
Acting Secretary of Labor*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................ 1

**BACKGROUND** ..................................................................................................................... 2

**ARGUMENT** ........................................................................................................................... 2

    I.   DEFENDANTS' EMPLOYEES, THE DEPARTMENT OF LABOR, AND THE PUBLIC WILL SUFFER IRREPARABLE HARM ABSENT A TEMPORARY RESTRAINING ORDER. ................................................................................ 4

        A.  Defendants' Employees Will Suffer Irreparable Harm Absent an Injunction. .. 4

        B. The Acting Secretary's Enforcement of the FLSA Will Suffer Irreparable Harm Without an Injunction. .................................................................................... 5

   II.  THE ACTING SECRETARY IS LIKELY TO SUCCEED ON THE MERITS OF HER RETALIATION CLAIMS.. ................................................................................ 6

        A.  Roberto Jimenez Engaged in Protected Activity When He Complained that His Manager Was Improperly Taking Employees' Tips. ..………………….. 7

        B.  Defendants Subjected Mr. Jimenez to An Adverse Employment Action by Terminating his Employment. ................................................................... 8

        C.  The Causal Connection Between the Protected Activity and the Adverse Action Is Clear. ......................................................................................... 8

  III.  AN INJUNCTION WILL NOT HARM DEFENDANTS, AND THE PUBLIC INTEREST FAVORS ISSUANCE OF AN INJUNCTION. ..................................... 9

        A. Defendants Will Face No Harm from the Acting Secretary's Requested Relief………………………………………………………………..........9

        B.  The Public Interest Weighs Heavily in Favor of Granting the Acting Secretary's Requested Relief..…………………………………….…….10

**CONCLUSION** ................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Acosta v. Versa Cret Contracting Company Inc.*,
  No. 18-cv-6718-DRH-AYS (E.D.N.Y. Dec. 7, 2018) .................................................................. 10
*Ahmad v. Long Island Univ.*,
  18 F. Supp. 2d 245 (E.D.N.Y. 1998) ........................................................................................... 2
*Black v. Cakor Rest., Inc.*,
  2022 WL 17689840 (S.D.N.Y. Dec. 15, 2022) ..................................................................... 5, 10
*Brito v. Marina's Bakery Corp.*,
  2022 WL 875099 (E.D.N.Y. Mar. 24, 2022) .............................................................................. 8
*Brock v. Casey Truck Sales, Inc.*,
  839 F.2d 872 (2d Cir. 1988) .................................................................................................. 7, 11
*Brooklyn Sav. Bank v. O'Neil*,
  324 U.S. 697 (1945) .................................................................................................................... 1
*Burlington N. & Santa Fe Ry. Co. v. White*,
  548 U.S. 53 (2006) ...................................................................................................................... 8
*Citicorp Indus. Credit, Inc. v. Brock*,
  483 U.S. 27, 36 (1987) .............................................................................................................. 11
*Citigroup Glob. Mkts, Inc. v. VCG Special Opportunities Master Fund Ltd.*,
  598 F.3d 30 (2d Cir. 2010) .................................................................................................... 3, 11
*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
  559 F.3d 110 (2d Cir. 2009) ........................................................................................................ 3
*Galabya v. New York City Bd. of Educ.*,
  202 F.3d 636 (2d Cir. 2000) ........................................................................................................ 8
*Greathouse v. JHS Sec. Inc.*,
    784 F.3d 105 (2d Cir. 2015) ...................................................................................................... 8
*Harris v. SCA Rest. Corp.*,
  2014 WL 996249, (E.D.N.Y. Mar. 14, 2014) ........................................................................... 11
*Holt v. Continental Grp.*,
  708 F.2d 87 (2d Cir. 1983) .......................................................................................................... 4
*Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*,
    596 F.2d 70 (2d Cir. 1979) ........................................................................................................ 3
*Kasten v. Saint-Gobain Performance Plastics Corp.*,
  563 U.S. 1 (2011) .................................................................................................................... 5, 7
*Lambert v. Ackerley*,
  180 F.3d 997 (9th Cir. 1999) ....................................................................................................... 7
*Lin v. Great Rose Fashion, Inc.*,
  2009 WL 1544749 (E.D.N.Y. June 3, 2009) .............................................................................. 6
*Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*,
  965 F.2d 1224 (2d Cir. 1992) ...................................................................................................... 3
*Marshall v. Chala Enters., Inc.*,
  645 F.2d 799 (9th Cir. 1981) ..................................................................................................... 10
*Marxe v. C.W. Jackson, C.E. Yates*,
  833 F.2d 1121 (3d Cir. 1987) ..................................................................................................... 4

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973) ........................................................................................................... 7
*Mitchell v. Robert DeMario Jewelry, Inc.*,
  361 U.S. 288 (1960) ............................................................................................. 5, 6, 7, 11
*Mullins v. City of New York*,
  626 F.3d 47 (2d Cir. 2010) ................................................................................ 4, 6, 7, 8, 9
*Perez v. AAA Buffet, Inc.*,
  2016 WL 9526503 (W.D. Wash. Dec. 20, 2016) ............................................................ 10
*Perez v. Flowers of the Sun, Inc. d/b/a Ilene's Sunflower*,
  No. 15-cv-3785-ENV-SMG (E.D.N.Y. June 29, 2015) ................................................... 10
*Perez v. J&L Metal Polishing, Inc.*,
  2016 WL 7655766 (C.D. Cal. May 9, 2016) ................................................................... 10
*Rodriguez v. DeBuono*,
  175 F.3d 227 (2d Cir. 1999) .............................................................................................. 3
*Scalia v. Unforgettable Coatings, Inc.*,
  455 F. Supp. 3d 987 (D. Nev. 2020) .................................................................... 4, 6, 9, 10
*Su v. P & B Heating & Air Conditioning Corp.*,
  No. 23-cv-2582-JMA-LGD (E.D.N.Y. Apr. 6, 2023) ...................................................... 10
*Solis v. SCA Rest. Corp.*,
  938 F. Supp. 2d 380 (E.D.N.Y. Apr. 5, 2013) ................................................................... 8
*United States v. Pugh*,
  2007 WL 3539435 (E.D.N.Y. Nov. 14, 2007) ................................................................... 9
*Uronis v. Cabot Oil & Gas Corp.*,
  49 F.4th 263 (3d Cir. 2022) ........................................................................................... 7, 8

**Statutes**

29 U.S.C. § 201 ........................................................................................................................... 1
29 U.S.C. § 202(a) ................................................................................................................ 1, 11
29 U.S.C. § 206 ........................................................................................................................... 1
29 U.S.C. § 207 ........................................................................................................................... 1
29 U.S.C. § 211 ........................................................................................................................... 5
29 U.S.C. § 215(a)(3) ........................................................................................................ 1, 6, 9,

**Rules**

Fed. R. Civ. P. 65 ........................................................................................................................ 1
Fed. R. Civ. P. 65(b) ................................................................................................................... 2
Local Rule 6.1(d) ........................................................................................................................ 2

## **PRELIMINARY STATEMENT**

In willful disregard of the law, the manager of Celebrity Diner fired Roberto Jimenez immediately after and in response to Mr. Jimenez's complaining to the manager that he improperly took his and other employees' cash tips. This outrageous conduct constitutes unlawful retaliation against an employee in violation of 29 U.S.C. § 215(a)(3) and frustrates the government's efforts to enforce the law. Concurrently with the filing of this motion, the Acting Secretary of Labor (the "Acting Secretary") has filed a complaint against Defendants LTLMR LLC d/b/a Celebrity Diner and Loukas Renieris ("Defendants") describing how these actions violate section 15(a)(3) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "Act" or "FLSA"). Defendants' illegal conduct imperils the Acting Secretary's ability to enforce the FLSA, deters employees from asserting their rights guaranteed by the FLSA, and undermines the public's interest in effective enforcement of the Act. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–707 & n. 18 (1945); 29 U.S.C. §§ 202(a), 206, 207.

The Acting Secretary should be afforded immediate relief from this Court to remedy this harm and stop any further illegal conduct by Defendants during the pendency of this action. The Acting Secretary's current and future enforcement efforts and Defendants' employees are threatened with irreparable harm absent immediate action to enjoin Defendants' unlawful and wanton behavior. Specifically, the Acting Secretary respectfully moves pursuant to Federal Rule of Civil Procedure 65 for a temporary restraining order and order to show cause why Defendants, their officers, employees, agents, and all persons acting in active concert or participation, should not be enjoined during the pendency of this action from engaging in further unlawful retaliatory conduct in violation of the anti-retaliation provisions of the Act.

1

For the reasons set forth below and in the accompanying Declarations of Gene Toledo and Susan Jacobs and the Notice of Motion, in light of Defendants' demonstrated disregard of the Act's anti-retaliation provisions, the Acting Secretary moves on an *ex parte* basis pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 6.1(d) because prior notice would likely result in immediate and irreparable injury to the Acting Secretary and employees in the form of further retaliatory action or interference in the government's ongoing investigation. *See* Declaration of Gene Toledo dated May 3, 2024 ("Toledo Decl."), ¶ 9; Declaration of Susan Jacobs dated May 6, 2024, ¶¶ 4-7.

## BACKGROUND

Defendants operate a restaurant in Syosset, New York. Toledo Decl. ¶¶ 5, 6. In August 2023, the U.S. Department of Labor's Wage and Hour Division ("WHD") opened an investigation into Defendants' compliance with the FLSA. *Id.* ¶ 7. During this investigation, the Acting Secretary learned that Defendants' manager fired Roberto Jimenez on January 27, 2024 immediately after he complained that the manager had improperly taken cash tips left for employees by customers. *See* Declaration of Roberto Jiminez dated May 6, 2024 ("Jimenez Decl.") ¶¶ 9-15. Defendants' blatant retaliatory act against Mr. Jiminez is a clear violation of the Act's anti-retaliation protections. Unless promptly remedied, Defendants' conduct jeopardizes the Department's enforcement efforts by decreasing the likelihood that other employees will cooperate with the WHD in its FLSA investigation. Toledo Decl. ¶ 9.

## ARGUMENT

This Court should enjoin Defendants from further retaliation against employees and obstructing DOL's investigation. The standard for a temporary restraining order in this Circuit "are the same…as those which govern a preliminary injunction." *See Ahmad v. Long Island*

2

*Univ.*, 18 F. Supp. 2d 245, 247 (E.D.N.Y. 1998) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). Under this familiar standard, a preliminary injunction should be awarded when the movant demonstrates: "(a) irreparable harm and (b) either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Mkts, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (quoting *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)). "A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (internal quotation marks and citation omitted).

     As set forth below, the Acting Secretary easily meets all of the requirements for issuance of a temporary restraining order and preliminary injunction because: (1) Defendants' current and former employees, the Acting Secretary, and the public will suffer irreparable harm absent a temporary restraining order; (2) the Acting Secretary is likely to succeed on the merits of her claim that Defendants unlawfully retaliated against an employee for engaging in protected activity; and (3) the balance of equities and the public interest favors the Acting Secretary being permitted to carry out her investigation free from Defendants' obstruction and employees being free from Defendants' further retaliation and intimidation. All three factors strongly support awarding the Acting Secretary's requested injunctive relief.

**I.   DEFENDANTS' EMPLOYEES, THE DEPARTMENT OF LABOR, AND THE PUBLIC WILL SUFFER IRREPARABLE HARM ABSENT A TEMPORARY RESTRAINING ORDER.**

Retaliatory conduct that tends to deter employees from asserting their rights constitutes irreparable harm for purposes of preliminary injunctive relief. *See Mullins v. City of New York*, 626 F.3d 47, 55 (2d Cir. 2010) ("[u]nchecked retaliation subverts the purpose of the FLSA and the resulting weakened enforcement of federal law can itself be irreparable harm" where there is "some evidence of actual chill that would be cured by the requested injunction."); *Marxe v. C.W. Jackson, C.E. Yates,* 833 F.2d 1121, 1125 (3d Cir. 1987). Here, if an injunction is not issued, there will be irreparable harm to Defendants' employees, to the Department of Labor, and to the public. Defendants' retaliatory conduct of firing an employee who complained about his pay must be restrained immediately. Jimenez Decl. ¶¶ 11-15; Toledo Decl. ¶ 9.

**A.   Defendants' Employees Will Suffer Irreparable Harm Absent an Injunction.**

Defendants' employees will be irreparably harmed if their retaliatory behavior goes unchecked, because employees will be discouraged from asserting their rights under the Act. "A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights . . . or from providing testimony for the plaintiff in her effort to protect her own rights. These risks may be found to constitute irreparable injury." *Holt v. Continental Grp.*, 708 F.2d 87, 90-91 (2d Cir. 1983); *Scalia v. Unforgettable Coatings, Inc.*, 455 F. Supp. 3d 987, 992 (D. Nev. 2020) ("Employees will likely be irreparably harmed by the chilling and deterrent effect that results from retaliation against those who seek to enforce their rights."). Without assurances from the Court that employees who assert their rights are protected, there is nothing to prevent Defendants from continuing to retaliate and/or intimidate employees from asserting their rights.

In these circumstances, nothing short of an order from this Court will suffice to ensure that Defendants' workers can avail themselves of the FLSA's protections. *See Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960) ("[I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions."); *Black v. Cakor Rest., Inc.*, No. 22-cv-1447, 2022 WL 17689840, at *6 (S.D.N.Y. Dec. 15, 2022) (granting preliminary injunction based on, *inter alia*, "potential to chill other present and former employees from seeking their rights [under the FLSA]"). Absent an injunction, such injury cannot be remedied by money damages at a later date. Accordingly, Defendants' employees will be irreparably harmed without the Court's intervention.

### B. The Acting Secretary's Enforcement of the FLSA Will Suffer Irreparable Harm Without an Injunction.

Absent an injunction, the Acting Secretary's enforcement efforts will also be irreparably harmed. Section 11 of the Act authorizes the WHD to conduct investigations of employers' pay practices, including by "question[ing] . . . employees" and "investigat[ing] such facts, conditions, practices or matters as" necessary to determine compliance with the Act's various pay and recordkeeping requirements. 29 U.S.C. § 211. As such, enforcement of the FLSA's protections relies "not upon 'continuing detailed federal supervision or inspection of payrolls,' but upon 'information and complaints received from employees . . . .'" *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 11-12 (2011) (quoting *Mitchell*, 361 U.S. at 292). "Plainly, effective enforcement could thus only be expected if employees felt free to approach officials with their grievances." *Mitchell*, 361 U.S. at 292; *see also* Toledo Decl. ¶ 9 ("When employers interfere in WHD's ability to meet with or interview employees, engage in threats or retaliation, or coach employees' responses, WHD's ability to determine employers' compliance with the Act is severely jeopardized."). Employees are unlikely to feel safe to cooperate with the WHD in its current

5

investigation of Defendants if they know that they can be terminated. *E.g.*, *Unforgettable Coatings, Inc.*, 455 F. Supp. 3d at 992 ("Should Defendants' threats, intimidation, tactics, and retaliatory conduct continue, [the Secretary] will not be able to adequately investigate the alleged misconduct and will likely suffer irreparable injury as a result.").

Firing employees who complain that they are not being paid properly poses a clear and direct threat to the Secretary's ability to enforce national labor policy. *See Mullins*, 626 F.3d at 55 ("the resulting weakened enforcement of federal law can *itself* be irreparable harm") (quoting *Lin v. Great Rose Fashion, Inc.*, No. 08-cv-4778, 2009 WL 1544749, at *21 (E.D.N.Y. June 3, 2009)) (emphasis in original). The Acting Secretary's enforcement efforts depend on the willingness of employees to participate in FLSA investigations, and commonsense and experience dictate that employees will be far less forthcoming if they can only do so under the close watch of an employer who has already demonstrated that it will not hesitate to fire cooperating employees. *See id*; Jimenez Decl. ¶¶ 11-15; Toledo Decl. ¶ 9. Accordingly, this Court must restrain Defendants and those acting in concert with it, from compromising the ability of the Acting Secretary to enforce the rights of all employees under the FLSA.

## II. THE ACTING SECRETARY IS LIKELY TO SUCCEED ON THE MERITS OF HER RETALIATION CLAIMS.

The Acting Secretary is likely to succeed on her claim that Defendants violated the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), which makes it illegal for any person "to discharge or in any other manner discriminate against any employee because such employee has filed a complaint, or instituted, or caused to be instituted, any proceeding under, or related to this chapter, or has testified or is about to testify in any such proceeding." The FLSA's anti-retaliation provision is a critical element to the statute's enforcement mechanisms. *See, e.g.*, *Mitchell*, 361 U.S. at 292. This protection is "designed to ensure that employees are not compelled to risk their

6

jobs in order to assert their wage and hour rights under the Act." *Lambert v. Ackerley*, 180 F.3d 997, 1004 (9th Cir. 1999). "Unchecked retaliation, no matter what form, subverts the purpose of the FLSA." *Mullins* 626 F.3d at 55.

Claims of retaliation under the Act are analyzed under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 876 (2d Cir. 1988). To establish a *prima facie* case of retaliation under the FLSA, the Acting Secretary need only show that an individual: (1) engaged in activity protected by the FLSA; (2) suffered adverse employment action by a person; and (3) a causal connection existed between the activity and the person's adverse action. *Mullins*, 626 F.3d at 53. Here, there can be no dispute that the Acting Secretary meets all the required elements to establish a *prima facie* case of retaliation.

### A. Roberto Jimenez Engaged in Protected Activity When He Complained that His Manager Was Improperly Taking Employees' Tips.

The Supreme Court has repeatedly instructed that worker protection statutes such as the FLSA should be construed to "provide broad rather than narrow protection to the employee." *Kasten*, 563 U.S. at 13 (holding that the "enforcement needs" of the FLSA suggests an expansive "interpretation of the word 'complaint'"). It is well-settled that the protections of section 15(a)(3) of the Act broadly protect employees who have "filed *any* complaint." *See Mitchell*, 361 U.S. at 292; *see also Uronis v. Cabot Oil & Gas Corp.*, 49 F.4th 263, 269 (3d Cir. 2022). Accordingly, the Second Circuit applies a broad definition of protected activity under the FLSA's anti-retaliation provision, to include activities "less directly connected to [those] formal proceedings" expressly enumerated in the statute, or to activities "where retaliatory conduct has a similar chilling effect on employees' assertion of rights." *Casey Truck Sales, Inc.*, 839 F.2d at 879 (affirming retaliatory discharge based on employees' "refusal to take a 'loyalty oath' requiring them to repudiate their

7

rights to these back wages."). *See also*, *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 115 (2d Cir. 2015) (Section 15(a)(3) prohibits discrimination against employees who orally complain to their employer); *Uronis* at 269 ("Section 15(a)(3) . . . protect[s] employees engaging in activities not spelled out in the statute."). Here, Mr. Jimenez's oral complaint to his manager that he was improperly taking employees' tips clearly constituted protected activity under the Act. *See* Jimenez Decl. ¶¶ 11-15.

### B. Defendants Subjected Mr. Jimenez to An Adverse Employment Action by Terminating his Employment.

Defendants' firing of Mr. Jiminez plainly constituted an adverse action for purposes of the FLSA. *Id.* ¶ 15. An adverse employment action is one that disadvantages an employee if "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination" or other violation of the employee's statutory rights. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).  By its own terms, section 15(a)(3) of the Act makes it "unlawful for any person . . . to discharge" an employee.  29 U.S.C. § 215(a)(3); *see Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (defining adverse employment action to include "termination of employment"); *Brito v. Marina's Bakery Corp.,* No. 19-cv-00828, 2022 WL 875099, at *12 (E.D.N.Y. Mar. 24, 2022).

### C. The Causal Connection Between the Protected Activity and the Adverse Action Is Clear.

A causal connection between the protected activity and the adverse action "may be established through evidence of retaliatory animus directed against a plaintiff by the defendant, or by showing that the protected activity was closely followed in time by the adverse action." *Mullins*, 626 F.3d at 53 (quotations and citations omitted); *see also Solis v. SCA Rest. Corp.,* 938 F. Supp. 2d 380, 389 (E.D.N.Y. Apr. 5, 2013) (finding retaliation where the employer attempted to intimidate employees about testifying for the DOL days before trial). There can be absolutely

8

no doubt that Defendants' termination of Mr. Jimenez was directly connected to his complaint to his manager about him taking employees' cash tips as it occurred immediately in response to the protected activity. *See* Jimenez Decl. ¶ 15.

In sum, the Acting Secretary has overwhelmingly established a "likelihood of success on the merits," namely the strength of her "prima facie" case that Defendants violated section 15(a)(3) of the Act. *See Mullins*, 626 F.3d at 55.

### III. AN INJUNCTION WILL NOT HARM DEFENDANTS, AND THE PUBLIC INTEREST FAVORS ISSUANCE OF AN INJUNCTION.

Finally, the balance of equities and public interest unquestionably favor an issuance of an injunction when Defendants will not face any harm from the Secretary's requested provisional relief and the public interest weighs heavily in favor of enjoining Defendants' unlawful conduct.

#### A. Defendants Will Face No Harm from the Acting Secretary's Requested Relief.

Insofar as the principal portion of the Acting Secretary's requested relief "requires" only that Defendants "follow the law," as a matter of law the order "causes no harm" to them. *United States v. Pugh*, No. 07-cv-2456, 2007 WL 3539435, at *8 (E.D.N.Y. Nov. 14, 2007). Defendants have absolutely no legitimate interest in terminating individuals' employment or taking other adverse action on account of their involvement in protected activities such as asserting their rights to be paid properly. *E.g.*, *Unforgettable Coatings, Inc.*, 455 F. Supp. 3d at 992 (finding that balance of hardships weighed in Acting Secretary's favor because "Defendants have no legitimate interest in threatening, intimidating, or otherwise retaliating against Plaintiffs in direct contravention of their rights under the FLSA").

Given the harm already caused to date, the Acting Secretary also requests limited additional relief, narrowly tailored to Defendants' actions. As set forth in the proposed order, to prevent irreparable harm that would be caused by any further retaliatory terminations, the Acting Secretary

9

seeks a short notice period of seven days before Defendants terminate any employees, so that the Acting Secretary may confer with Defendants to avoid any further harm to Defendants' employees and ensure that any termination is not retaliatory. The Acting Secretary also requests that Defendants be required to take corrective action to ensure that employees are aware of their rights to communicate freely with the Acting Secretary's representatives. Courts regularly grant such requested relief, which will cause Defendants no cognizable harm. *See Su v. P & B Heating & Air Conditioning Corp.,* No. 23-cv-2582-JMA-LGD (E.D.N.Y. Apr. 6, 2023) (enjoining defendants from terminating or retaliating against their employees, requiring defendants to notify employees of their rights, and requiring advance notice to the Acting Secretary's representatives before terminating employees); *Acosta v. Versa Cret Contracting Company Inc.*, No. 18-cv-6718-DRH-AYS (E.D.N.Y. Dec. 7, 2018); *Perez v. Flowers of the Sun, Inc. d/b/a Ilene's Sunflower*, No. 15-cv-3785-ENV-SMG (E.D.N.Y. June 29, 2015); *see also Unforgettable Coatings*, 455 F. Supp. 3d at 993–94; *Perez v. AAA Buffet, Inc.*, No. 16-cv-05360, 2016 WL 9526503 (W.D. Wash. Dec. 20, 2016); *Perez v. J&L Metal Polishing, Inc.*, No. 15-cv-1957, 2016 WL 7655766, at *7 (C.D. Cal. May 9, 2016). To the extent that Defendants would face any minimal burden in complying with this temporary relief, it is heavily outweighed by the public interest. *See Black*, *supra,* 2022 WL 17689840, at *6 (finding that "[d]efendants will suffer little hardship, if any, from a narrowly tailored injunction").

### B. The Public Interest Weighs Heavily in Favor of Granting the Acting Secretary's Requested Relief.

In considering the public interest with respect to the Acting Secretary's requested relief, "the district court must give substantial weight to the fact that the Secretary seeks to vindicate a public, and not a private, right." *Marshall v. Chala Enters., Inc.*, 645 F.2d 799, 804 (9th Cir. 1981). The Acting Secretary cannot fulfill her statutorily mandated obligation to enforce the minimum

10

wage and overtime requirements of the FLSA without the ability to rely on employees' cooperation. *See, e.g.*, *Harris v. SCA Rest. Corp.*, No. 09-cv-2212, 2014 WL 996249, at *4 (E.D.N.Y. Mar. 14, 2014) (sanctioning employers for retaliating against, and thereby tampering with, the Secretary's witnesses in a FLSA action); Toledo Decl. ¶ 9. Moreover, there is a strong public interest in ensuring that employers do not gain a competitive advantage over law-abiding competitors who are undercut by unfair and unlawful business practices. *See* 29 U.S.C. § 202(a); *Citicorp Indus. Credit, Inc. v. Brock*, 483 U.S. 27, 36 (1987) (discussing Congress' intent to "eliminate the competitive advantage enjoyed by goods produced under substandard [labor] conditions"); *Mitchell,* 361 U.S. at 292 ("By the proscription of retaliatory acts set forth in [Section] 15(a)(3), and its enforcement in equity by the Secretary pursuant to [Section] 17, Congress sought to foster a climate in which compliance with the substantive provisions of the Act would be enhanced.").

The Acting Secretary's requested injunction is necessary to obtain Defendants' compliance with the Act's anti-retaliation provisions and is well within the sound discretion of this court. *See Casey Truck Sales, Inc.*, 839 F.2d at 879 (explaining that district courts have "broad equitable powers to restrain violations" of the anti-retaliation provisions of the FLSA, including, *inter alia*, an injunction against future violations of the Act). Entry of the Secretary's requested injunction is plainly in the public interest.

\* \* \*

Taken together, all three factors weigh strongly in favor of entry of the Acting Secretary's requested relief, and this Court should issue the requested relief. *See Citigroup Global Markets, Inc.*, 598 F.3d at 35.

## CONCLUSION

For the foregoing reasons, the Acting Secretary respectfully asks the Court to enter the following temporary restraining order prohibiting Defendants from any further retaliation against or intimidation of its employees in violation of the FLSA, and order Defendants to show cause why a similar preliminary injunction should not be issued after a hearing. Specifically, at this time, the Acting Secretary requests that the Court restrain Defendants, their officers, employees, agents, successors, and all persons acting or claiming to act in their behalf and interest as follows:

1. Prohibiting Defendants from violating the provisions of section 15(a)(3) of the Act;

2. Prohibiting Defendants from terminating or threatening to terminate the employment, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against their employees in any other way, based on Defendants' belief that such employee has complained about pay or engaged in any other protected activity under the Act;

3. Prohibiting Defendants from terminating or threatening to terminate the employment, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against their current and former employees in any other way, based upon Defendants' belief that such employee has cooperated with the Department of Labor ("Department");

4. Prohibiting Defendants from obstructing the Department's investigation in any way;

5. Prohibiting Defendants from telling any workers not to cooperate with the Department's representatives; telling any workers to provide incomplete or false information to the Department's representatives; or questioning workers about their cooperation or communications with the Department's representatives;

6. Prohibiting Defendants from communicating with any employee regarding the Department's investigation without first informing the employee, in writing and in the employee's primary language, that employees may communicate with the Department and its representatives voluntarily and free from coercion, and that employees cannot be discriminated against or retaliated against for communicating with the Department's representatives;

7. Prohibiting Defendants from terminating any employee without providing at least seven days notice to the Department's Wage and Hour Division prior to any termination;

8. Requiring that within seven (7) days of the Court's Order to Show Cause, Defendants shall allow representatives of the Acting Secretary to read aloud in English, Spanish, and any other language as necessary to be understood by Defendant's employees, during employees' paid working hours, the following statement to all employees employed by Defendants, and in the presence of an supervisor or manager:

   **You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation into your employer's pay practices. You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor. Your employer is prohibited from retaliating against you in any way, including by terminating you, reporting you to immigration, or threatening to do any of these things because you spoke with the Department of Labor.**

   **The U.S. District Court for the Eastern District of New York has ordered LTLMR LLC doing business as Celebrity Diner, Loukas Reniers, and anyone acting on their behalf to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening employees for providing information to the Department of Labor.**

9. Requiring that within seven (7) days of the Court's Order to Show Cause, Defendants shall mail a hard copy of the above statement, in English, Spanish, and other language as necessary to be understood by Defendants' employees, to all current and former employees at their last known addresses, along with contact information for representatives of the Department (to be provided by the Department's representatives);

10. Requiring that within seven (7) days of the Court's Order to Show Cause, Defendants shall post the above statement in English and any other language as necessary, with contact information for representatives of the Department (to be provided by the Department's representatives) in a conspicuous location at its office; and

11. Ordering all such other relief as may be appropriate, just, and proper.

13

| | |
|---|---|
| DATED: May 6, 2024<br>New York, New York | Respectfully submitted,<br><br>SEEMA NANDA<br>Solicitor of Labor<br><br>JEFFREY S. ROGOFF<br>Regional Solicitor<br><br>/s/ *Susan B. Jacobs*<br>SUSAN B. JACOBS<br>Senior Trial Attorney<br><br>U.S. Department of Labor<br>Office of the Solicitor<br>201 Varick Street, Room 983<br>New York, NY 10014<br>Tel: 646-264-3664<br>Jacobs.Susan@dol.gov<br>NY-SOL-ECF@dol.gov<br><br>*Attorneys for Plaintiff Julie A. Su,*<br>*Acting Secretary of Labo* |