UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JULIE A. SU, Acting Secretary of Labor,                :
United States Department of Labor,                     :     Civil Action No. 24-cv- 3339
                                                       :
                Plaintiff,                                 :
      v.                                               :
                                                       :
LTLMR LLC d/b/a CELEBRITY DINER and                    :
LOUKAS RENIERIS, individually,                         :
                                                       :
                Defendants.                                :
-----------------------------------------------------------------

**DECLARATION OF SUSAN JACOBS IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

      I, SUSAN JACOBS, declare under penalty of perjury, as prescribed in 28 U.S.C. § 1746, that the following is true and correct:

      1.    I am an attorney in the Office of the Solicitor, United States Department of Labor, Region II. I am fully familiar with the facts herein. I submit this Declaration in support of the Plaintiff's Ex Parte Motion for a Temporary Restraining Order and Order to Show Cause.

      2.    The Plaintiff seeks to file her Motion for a Temporary Restraining Order and Order to Show Cause *ex parte* to prevent Defendants LTLMR LLC d/b/a Celebrity Diner and Loukas Renieris ("Defendants") from any further retaliation against current and former employees who complain about their pay and/or cooperate with an open U.S. Department of Labor, Wage and Hour Division (the "WHD") investigation into Defendants' compliance with the Fair Labor Standards Act of 1938 ("FLSA" or "the Act").

1

3.  Defendants unlawfully terminated the employment of one employee because he complained that his manager was improperly taking employees' tips. *See* Declaration of Roberto Jimenez dated May 6, 2024, ¶¶ 11-15.

4.  Defendants' compliance with the FLSA is currently being investigated by the WHD. *See* Declaration of Gene Toledo dated May 3, 2024, ¶¶ 7, 8. The WHD has a well-founded concern that Defendants' retaliatory conduct will jeopardize an ongoing federal investigation and has the significant potential to jeopardize the WHD's ability to determine Defendants' compliance or non-compliance with the Act, including whether individuals are owed back wages, and if so who and in what amounts. *Id.* ¶ 9.

5.  Further, Defendants are currently not represented by counsel and there is a significant possibility that they will undertake additional retaliatory action against their remaining current employees once they receive notice of the Plaintiff's motion.

6.  Under this circumstance, a temporary restraining order is necessary to prevent irreparable injury, such as additional retaliatory action against current and former employees once Defendants receive notice of the Plaintiff's motion.

7.  Therefore, there is good cause that the Plaintiff be permitted to file her motion for a temporary restraining order *ex parte*, to prevent Defendants from continuing to violate the Act's anti-retaliation provisions and obstruct the open investigation into Defendants' pay practices, pending a show cause hearing why a preliminary injunction should not be issued.

3

Executed on May 6, 2024

*/s/ Susan B. Jacobs*
SUSAN B. JACOBS
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor, Region II
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3664
Email: jacobs.susan@dol.gov