UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JULIE A. SU, Acting Secretary of Labor,                    :
United States Department of Labor,                          Civil Action No. 24-cv-3339
                                                           :
        Plaintiff,
   v.                                                  :

                                                           :
LTLMR LLC d/b/a CELEBRITY DINER and
LOUKAS RENIERIS, individually,                             :

        Defendants.                           :
-----------------------------------------------------------------

**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED**

Upon the declarations of Roberto Jimenez, Gene Toledo, and Susan Jacobs, and the Memorandum of Law in Support of the Plaintiff's Ex Parte Motion for a Temporary Restraining Order, it is

**ORDERED**, that the above named Defendants show cause before a motion term of this Court, at Room _____, United States Courthouse, 100 Federal Plaza, in Central Islip, New York, County of Suffolk, State of New York, on _____, _____, 2024, at _____ _____ o'clock _.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action from:

1. Violating the provisions of section 15(a)(3) of the Fair Labor Standards Act ("the Act");

2. Terminating or threatening to terminate the employment, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against employees in any other way, based on Defendants' belief that such employee has complained about pay or engaged in any other protected activity under the Act;

1

3. Terminating or threatening to terminate any employee, or retaliating or discriminating against their employees in any other way, based upon Defendants' belief that such employee has cooperated with the Department of Labor ("the Department");

4. Obstructing the Department's investigation in any way;

5. Telling any workers not to cooperate with the Department's representatives; telling any workers to provide incomplete or false information to the Department's representatives; or questioning workers about their cooperation or communications with the Department's representatives;

6. Communicating with any employee regarding the Department's investigation without first informing the employee, in writing and in the employee's primary language, that employees may communicate with the Department and its representatives voluntarily and free from coercion, and that employees cannot be discriminated against or retaliated against for communicating with the Department's representatives; and

7. Terminating any employee without providing at least seven (7) days' notice to the Department's Wage and Hour Division prior to any termination; and

**IT IS FURTHER ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the Defendants are temporarily restrained and enjoined from:

1. Violating the provisions of section 15(a)(3) of the Act;

2. Terminating or threatening to terminate the employment, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against their employees in any other way, based on Defendants' belief that such employee has complained about pay or engaged in any other protected activity under the Act;

3. Terminating or threatening to terminate the employment, reducing hours or threatening to reduce hours, intimidating, coercing, threatening, or retaliating or discriminating against their current and former employees in any other way, based upon Defendants' belief that such employee has cooperated with the Department;

4. Obstructing the Department's investigation in any way;

5. Telling any workers not to cooperate with the Department's representatives; telling any workers to provide incomplete or false information to the Department's representatives; or questioning workers about their cooperation or communications with the Department's representatives;

6. Communicating with any employee regarding the Department's investigation without first informing the employee, in writing and in the employee's primary language, that employees may communicate with the Department and its representatives voluntarily and free from coercion, and that employees cannot be discriminated against or retaliated against for communicating with the Department's representatives; and

7. Terminating any employee without providing at least seven (7) days' notice to the Department's Wage and Hour Division prior to any termination; **and**

**IT IS FURTHER ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Fed. R. Civ. P. 65, the Defendants, their officers, employees, agents, and all persons acting in active concert or participation shall be required as follows, within seven (7) days of the date of this Order to Show Cause:

1. Defendants shall allow representatives of the Department to read aloud in English, Spanish, and any other language as necessary to be understood by Defendants' employees, during employees' paid working hours, the following statement to all employees employed by Defendants, and in the presence of a supervisor or manager:

   **You are protected by the Fair Labor Standards Act and have the right to participate freely in the U.S. Department of Labor's investigation into your employer's pay practices. You have the right to speak freely with investigators, attorneys, or other officials from the Department of Labor. Your employer is prohibited from retaliating against you in any way, including by terminating you, reporting you to immigration, or threatening to do any of these things because you spoke with the Department of Labor.**

   **The U.S. District Court for the Eastern District of New York has ordered LTLMR LLC doing business as Celebrity Diner, Loukas Reniers, and anyone acting on their behalf to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening employees for providing information to the Department of Labor.**

2. Within seven (7) days of the Court's Order to Show Cause, Defendants shall mail a hard copy of the above statement, in English, Spanish, and other language as necessary to be understood by Defendants' employees, to all current and former employees at their last known addresses, along with contact information for representatives of the Department (to be provided by the Department's representatives); and

3

3. Within seven (7) days of the Court's Order to Show Cause, Defendants shall post the above statement in English and any other language as necessary, with contact information for representatives of the Department (to be provided by the Department's representatives) in a conspicuous location at its office.

**IT IS FURTHER ORDERED** that on or before _____, Defendants may file and serve any papers in opposition to the Plaintiff's request for a preliminary injunction. On or before _____, Plaintiff may file and serve any reply in support of Plaintiff's request for a preliminary injunction.

**IT IS FURTHER ORDERED** that personal service of a copy of this order, the annexed declarations and memorandum of law upon the Defendants or counsel on or before _____ _____ o'clock in the \_.m. _____ _____, 2024, shall be deemed good and sufficient services thereof.

DATED: _____, 2024
            Central Islip, New York

                                                          _____
                                                          HONORABLE
                                                          UNITED STATES DISTRICT JUDGE